# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1928 | **DATE** | 5/3/2012 |
| **CASE TITLE** | Excel Golf Products, Inc.  vs. MacNeill Engineering Co., Inc. | | |

**DOCKET ENTRY TEXT**

For the following reasons, the Court grants Plaintiff's motion to compel in part, and denies Defendant's cross-motion for a finding of waiver.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

### I. Background

The parties are before this Court on Plaintiff Excel Golf Products, Inc. ("Excel")'s motion to compel and enforce the Protective Order entered into in this case. The parties appear to agree  that Plaintiff has produced a large volume of documents in response to Defendant's discovery requests. According to the affidavit of attorney Aaron Davis, Excel produced 104 boxes of documents, and approximately 6 GB of e-mails — which he estimates to be in excess of 200,000 documents. (Only the electronic documents appear to be at issue here.) It is also undisputed that within that production are a number of privileged documents. The dispute is whether Defendant must return those documents to Plaintiff, or whether Plaintiff has waived any privilege by producing them.

Concerned about producing privileged material inadvertently, Plaintiff's counsel Aaron Davis wrote to Defendant on February 6, 2012, to request a specific "clawback" agreement that would authorize the return of any inadvertently produced privileged documents and assure that such production would not result in waiver. Defendant's counsel responded on February 7, 2012, rejecting the proposal. Defendant objected that the protective order already in place "provides a clear and agreed-upon…provision governing inadvertent disclosure of privileged material… Your letter does not provide any justification for modifying the Inadvertent Disclosure provision already in the stipulated Protective Order, and we are aware of none. Your proposed Clawback provision is thus both unnecessary and a potential source for confusion, and we cannot agree to it."

The Protective Order mandates that inadvertent disclosures be handled consistent with Fed. R. Evid. 502, and further that:

if a producer believes that privileged material was inadvertently produced, the producer shall so notify all parties in writing and state the basis for the claim of privilege or work-product protection. After receiving notice of inadvertent production, a party must promptly return, sequester or destroy inadvertently produced Privileged Material and any copies he has and may

not use or disclose the privileged material or information contained therein until the claim is resolved. A receiving party may promptly present the information to the Court under seal for a determination of the claim.

The parties generally agree that the documents at issue are privileged, although the precise number of such documents is disputed. (Defendant argues that it has identified 108 privileged documents from only a portion of the produced material, and that there is likely much more; Plaintiff argues that several documents identified by Defendant are not even privileged, and that 108 is therefore the upper limit of the documents at issue.) Plaintiff argues that the letter and spirit of the protective order and the parties' communications dictate that any privileged material must be returned; Defendants argue that Plaintiff has not shown that it made reasonable efforts to avoid producing privileged material, and therefore waived any privilege.

Attorney Davis's affidavit, attached to Plaintiff's motion, does not describe the procedures by which Plaintiff endeavored to identify privileged material. The affidavit merely says that the production was inadvertent, and that: "My colleagues and I took all reasonable steps to prevent disclosure of privileged matters including crafting search terms to pick responsive materials but to avoid privileged matters. The few number of privileged items when compared to the hundreds of thousands of documents produced underscores the reasonableness of Plaintiff's efforts." Davis Aff. ¶ 8.

## II. Discussion

Until fairly recently, courts used a balancing approach to assess whether privileged documents were inadvertently produced, and if so, whether privilege had been waived. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 388-89 (7th Cir.2008). Federal Rule of Evidence 502(b) now organizes those factors into a three-step process. It provides that the disclosure of privileged (or work product) information in a federal proceeding is not a waiver if: (1) the disclosure is inadvertent; (2) the privilege-holder took reasonable steps to prevent disclosure; and (3) the privilege-holder took prompt, reasonable steps to rectify the error, including following Fed. R. Civ. P. 26 (b)(5)(B) if applicable. Fed. R. Evid. 502(b). The producing party bears the burden of showing compliance with Rule 502. *Kmart Corp. v. Footstar, Inc.,* No. 09 C 3607, 2010 WL 4512337, at *4 (N.D.Ill. Nov. 2, 2010). Fed. R. Civ. P. 26 (b)(5) requires, among other things, that a party that has been notified about the potential inadvertent disclosure of privileged information must return or sequester that information, and may not use it until the claim of privilege has been resolved. There is no dispute here that Defendants have sequestered the documents at issue, though none have been provided to the Court for determination of privilege. The only dispute appears to be whether privilege has been waived by production. Plaintiff has moved to enforce the protective order, and Defendant opposes that motion and cross-moves for a finding that the privilege was waived.

Defendant claims that Plaintiff meets none of Rule 502 (b)'s three prongs. First, it argues that the disclosure was not inadvertent under subsection (b)(1). While Rule 502 does not define "inadvertent," this Court will follow the majority of courts in this District and conclude that, unlike under the old balancing test, the inadvertence inquiry asks merely whether the production was unintentional. *Coburn Group, LLC v. Whitecap Advisors LLC,* 640 F.Supp. 2d 1032, 1038-39 (N.D. Ill. 2009). In this way, the inadvertence inquiry in subsection (b)(1) is not redundant of subsections (2) and (3). *Id.* Although the parties' pre-production correspondence indicates that Plaintiff knew that some privileged material might be produced, the total circumstances, including Plaintiff's response to the issue, indicate that disclosure was inadvertent. Plaintiff has accordingly satisfied subsection (b)(1).

The majority of this dispute centers on whether Plaintiff took reasonable steps to prevent inadvertent production, and reasonably responded after it occurred. Defendant claims that Plaintiff produced "raw" e-mails that had never been reviewed prior to production, thereby failing subsection (b)(2) by failing to take reasonable preventive action. For support, Defendant points out that there are no production numbers or other identifiers on the electronic documents.

The Advisory Committee Notes to Rule 502 indicate that it was intended to help manage the

discovery burden created by the risk of inadvertent disclosure. Fed. R. Evid. 502, Advisory Committee's Note. Nonetheless, the cases from this District make clear that there is still no small burden on a producing party. *See Coburn Group, LLC v. Whitecap Advisors LLC,* 640 F.Supp.2d 1032 (N.D.Ill.2009). Determining whether a party took reasonable steps to prevent disclosure and to rectify the error requires considering a variety of factors including the procedures followed to avoid producing privileged material, the volume and timing of the production, and overriding issues of fairness. *See Sidney I. v. Focused Retail Property I, LLC,* 274 F.R.D. 212, 215 (N.D. Ill. 2011). The producing party must offer specific facts and details to show that the procedures were reasonable. *Footstar,* 2010 WL 4512337, at *4. Merely listing the volume of production will not suffice. *Comrie v. Ipsco, Inc.*, No. 08 C 3060, 2009 WL 4403364, at *1 (N.D. Ill. Nov. 30, 2009).

Even focusing only on electronic documents, it is beyond dispute that the production here was large; however, there is no indication that Plaintiff could not have sought an extension to take more time with it. *Cf. Footstar,* 2010 WL 4512337, at *3-4. Plaintiff offers little other information. This Court ordinarily would not conclude that Plaintiff has provided enough information to show that it took reasonable steps to avoid producing privileged material. *Cf. Thorncreek Apartments III, LLC v. Village of Park Forest,* Nos. 08 C 1225, 08 C 0869, 08 C 4303, 2011 WL 3489828, 6-8 (N.D. Ill. Aug. 9, 2011) (noting that the producing party should have checked the electronic database after production or completed a timely privilege log); *Sidney I.,* 274 F.R.D. at 216-17 (the fact that an attorney had reviewed materials was insufficient to demonstrate that the party took reasonable steps). Here, however, the Court concludes that Defense counsel's response to Plaintiff's request for a clawback provision, while perhaps not intended as a reassurance that inadvertently produced privileged materials would be returned without dispute, readily could have been interpreted that way. Therefore, although Plaintiff has not produced sufficient information regarding its review procedures, the Court concludes that overriding fairness concerns preclude finding a waiver here.

Defendant also argues that Plaintiff did not adequately respond once it knew of the inadvertent disclosure. Defendant argues that Plaintiff's response — refusing to give details about whether it conducted any pre-production review or to conduct a post-production review — violates Rule 502 because it places the entire review burden on MacNeill. MacNeill accordingly asks this Court to find that Excel has waived privilege and/or work product protections for the 108 documents identified so far, as well as all produced but as-yet-unidentified privileged documents.

Plaintiff is correct that the rule generally does not require post-production review by the producing party. *See* Rule 502 comm. explanatory n.(2007). However, it does require a party to follow-up on "any obvious indications that a protected communication or information has been produced inadvertently." *Id.* Similarly, the parties' protective order clearly contemplates that a producing party would identify privileged material. In light of the fairness concerns identified above, the Court will not find that Plaintiff has broadly waived attorney-client privilege, but will require Plaintiff and its counsel to review the documents produced, to the extent that they have not already done so. If Defendant wishes to object to specific documents that Plaintiff designates as privileged, those documents should be provided to the Court.

### III. Conclusion

For the foregoing reasons, the Court declines to conclude that Plaintiff has broadly waived privilege on any and all documents produced to Defendant, but Plaintiff is ordered to review any documents that it has not already screened for privilege. Accordingly, Plaintiff's motion to compel is granted in part, and Defendant's Cross-motion for a finding of waiver is denied.